UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANG JU LIN,<br><br>Petitioner,<br><br>v.<br><br>DOERER, WARDEN,<br><br>Respondent. | Case No. 1:26-CV-03138-FJS (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[14-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on April 24, 2026, challenging his conviction. (ECF No. 1.) For reasons that follow, the court finds that it lacks jurisdiction to consider his claims. Therefore, the court recommends the petition be DISMISSED.

I. PRELIMINARY REVIEW

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to section 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory

Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II. BACKGROUND

In the interests of judicial efficiency, the court takes judicial notice[1] and adopts the factual background set forth by the appellate court in its order affirming judgment dated December 10, 2012:

> On August 4, 2009, a grand jury returned an indictment charging Lin and a co-defendant, Yudi Liu, in one count, with murdering Daniel Cabezas in aid of racketeering. On December 15, 2010, a grand jury returned a superseding indictment, termed the "S1 Indictment," charging Lin and Liu in three counts with (1) substantive racketeering; (2) racketeering conspiracy; and (3) the murder of Cabezas in aid of racketeering.
>
> In support of the substantive racketeering charge, the S1 Indictment included six specific predicate acts: (1) conspiracy to murder and murder of Daniel Cabezas; (2) conspiracy to murder and attempted murder of Jian G. Liu; (3) extortion conspiracy relating to the extortion of bus company operators; (4) operating illegal gambling businesses; (5) narcotics (ecstasy) trafficking; and (6) robbery conspiracy. On February 3, 2011, the District Court held a pretrial conference and set trial for June 20, 2011.
>
> Twenty-seven days prior to the scheduled start of trial, on May 24, 2011, a grand jury returned another superseding indictment, termed the "S3 Indictment." The S3 Indictment added an additional predicate act in support of the substantive racketeering charge: the conspiracy to murder and murder of Xui Kang Xiao, who had a series of personal disputes with one of Lin's associates. On June 10, 2011, Lin moved to strike the Xiao murder from the S3 Indictment or to exclude all evidence relating to the Xiao murder. The District Court denied Lin's motion on the record and in open court on June 17, 2011.
>
> Lin's trial proceeded as scheduled on June 20, 2011. At trial, the District Court admitted into evidence ten telephone calls between Lin and two associates identified by the Government as members of his criminal enterprise that were recorded while Lin was incarcerated and awaiting trial at the Metropolitan Correctional Center ("MCC"). The Government offered the calls as evidence of the continued operation of Lin's criminal enterprise.
>
> On July 13, 2011, at the conclusion of trial, the jury found Lin guilty on Count One (substantive racketeering) and Count Two (racketeering conspiracy), and acquitted Lin on Count Three (the murder of Daniel Cabezas). Under Count One, the jury found that the Government had proved four of the seven racketeering acts beyond a reasonable doubt: (1) the attempted murder of Jian G. Liu; (2) operation of illegal gambling businesses; (3) narcotics trafficking; and (4) the murder of Xui Kang Xiao. On

[1] The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). *See also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

December 7, 2011, the District Court sentenced Lin to two life sentences, to run concurrently.
*United States v. Lin*, 505 F. App'x 10, 11–12 (2d Cir. 2012).

Petitioner appealed, and on December 10, 2012, the Second Circuit Court of Appeals affirmed judgment. *Id*.

Thereafter, Petitioner raised numerous challenges in the Southern District of New York and in the Second Circuit Court of Appeals. Relevant to this petition, he filed a motion to vacate under 28 U.S.C. § 2255 on October 23, 2013. *See United States v. Lin*, Case No. 1:09-cr-00746-SHS-1 (S.D.N.Y. 2009). In that motion, he raised numerous trial errors training on ineffective assistance of counsel challenges. *Id*. The motion was denied on the merits on June 18, 2014. *Id*., at ECF No. 166. He moved for reconsideration of the motion and the district court denied that motion on July 23, 2014. *Id*., at ECF No. 170. He appealed the denial to the Second Circuit, and the appellate court dismissed the appeal on February 1, 2016. *Id*., at ECF Nos. 175, 177.

Petitioner moved for leave to file a second section 2255 motion in the Second Circuit based on the Supreme Court's opinion in *Johnson v. United States*, 576 U.S. 591 (2015). *Id*., at ECF No. 183. On December 9, 2016, the Second Circuit denied the motion.

On May 10, 2019, Petitioner filed a motion for *audita querela* as well as a motion for modification of sentence in the district court. *Id*., at ECF Nos. 184, 186. The district court determined that the motion functioned most properly as a motion to vacate under section 2255 and so construed the motion. *Id*., at ECF No. 196. But because Petitioner had already filed two previous motions under section 2255, the district court noted he was required to obtain authorization from the Second Circuit to file a successive section 2255 motion. *Id*. The court determined that transfer was inappropriate because the motion was without merit. *Id*. The court rejected Petitioner's claims that new rules of constitutional law from recent Supreme Court decisions created new legal objections in his case, that his sentence violated double jeopardy principles, and that the jury lacked unanimity. *Id*.

On November 10, 2022, the Second Circuit Court of Appeals rejected a renewed request for authorization to file a successive section 2255 motion. *Id*., at ECF No. 210. Relevant here, the appellate court rejected Petitioner's claim of actual innocence based on newly discovered evidence that would have impeached a key witness's testimony. *Id*. The court found that Petitioner had failed to

show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (citing *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner also filed several collateral challenges such as motions for compassionate release, (ECF Nos. 203, 220), motions for sentence reduction, (ECF Nos. 204, 211, 219), and motion for relief from judgment, (ECF No. 215). Each motion was denied.

On April 24, 2026, Petitioner filed the instant habeas petition in this court challenging his underlying conviction. He claims he is actually innocent of his crime and points to a purported affidavit by a co-defendant who contends Petitioner was not the perpetrator who gave the order to kill Xui Kang Xiao, but that another co-defendant framed Petitioner for the crime. (ECF No. 1 at 6-7.) He further contends he is actually innocent of the predicate crime of felony murder used to enhance his sentence due to changes in California law. (ECF No. 1 at 8.)

## III. DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones*, 599 U.S. at 469; *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991); *Tripati*, 843 F.2d at 1162; *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Stephens*, 464 F.3d at 897; *Hernandez*, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test

the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens*, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under section 2241, referred to as the "savings clause" or "escape hatch" of section 2255. *Jones*, 599 U.S. at 474; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez*, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under section 2241. *Jones*, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). To show section 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. *Shephard v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1076 (9th Cir. 2021); *Ivy v. Pontesso*, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192.

Petitioner fails on both accounts. First, he fails to make a credible claim of actual innocence. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). '"[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. (citation omitted). Petitioner points to a document entitled "Affidavit of Truth by Jun Yun Xiao." (ECF No. 1 at 6-7.) According to the document, Jun Yun Xiao declares that he conspired with Song Liu to lie to the court and state Petitioner gave the order to kill Xui Kang Xiao during the crime. *Id*. The purported affidavit further states that Petitioner gave no orders, had nothing to do with the crime, and was not the boss. *Id*.

The affidavit does not entitle Petitioner to the relief he seeks. First, it appears to be altered. It is purportedly signed February 19, 2026, but the dates have been erased and reprinted. Even if authentic, the Second Circuit Court of Appeals already heard and rejected the same claim, as follows:

> Specifically, Petitioner has not made a showing that the newly discovered evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish

> by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense[s]." 28 U.S.C. § 2255(h)(1). The new evidence impeaches a key witness's trial testimony, but Petitioner does not explain, under the clear-and-convincing-evidence standard, why a jury would credit the new evidence over that key witness's testimony. Petitioner also does not address the other inculpatory trial evidence, which included another witness's testimony corroborating important parts of the key witness's testimony.
>
> For similar reasons, to the extent Petitioner asserts a claim of actual innocence, he has not made a showing "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

*Lin*, Case No. 1:09-cr-00746-SHS-1 at ECF No. 210.

Yet even if this court were to consider the affidavit as authentic, and the court credited Petitioner's co-defendant's statement as true, Petitioner fails to show how "it is more likely than not no reasonable juror would have convicted him" in light of all the evidence. *Muth*, 676 F.3d at 819. The affidavit, standing alone, fails to carry Petitioner's burden.

Likewise, Petitioner fails to demonstrate that he was denied an unobstructed procedural shot at presenting the claim. To determine whether Petitioner never had an unobstructed procedural opportunity to pursue his claim, the court generally considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quotations omitted). Here, Petitioner first presented the claim in his request for authorization to file a second 2255 motion in the Second Circuit Court of Appeal. While Petitioner claims he only discovered the evidence after his appeal and his first section 2255 motion, he cannot show that he has never had an unobstructed procedural opportunity to pursue the claim. Indeed, the inset quotation above shows the Second Circuit considered the claim and rejected it on the merits. Moreover, Petitioner points to no change in law that relates to his claim after the first section 2255 motion. The Ninth Circuit has noted that "§ 2244(a) prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review.'" *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998)); *see also Del Raine v. Adams*, 58 Fed. Appx. 762 (9th Cir. 2003) ("The district court properly dismissed Del Raine's [§ 2241] petition as successive because he

raises the same claims raised in a prior habeas petition and denied on the merits by the Middle District of Pennsylvania").

Petitioner's claim that changes in the interpretation of California law on felony murder resulted in an invalid sentencing enhancement also fails to satisfy the savings clause requirements. First, Petitioner does not assert a cognizable claim of actual innocence. In *Marrero*, the Ninth Circuit noted that "our sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." 682 F.3d at 1193. In addition, the basis for the claim – that the interpretation of California's felony murder law has changed since Petitioner's conviction – is not cognizable in a section 2244 petition via the savings clause. *Jones*, 599 U.S. at 477 (rejecting several circuits' holding "that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion").

Accordingly, Petitioner fails to set forth a cognizable claim of actual innocence, and he fails to show he was denied an unobstructed procedural opportunity to present his claims. Thus, he fails to demonstrate that his remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." *Jones*, 599 U.S. at 471. The petition does not qualify for the savings clause and should be dismissed.

IV. ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

V. RECOMMENDATION

For the foregoing reasons, the court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 22, 2026**

UNITED STATES MAGISTRATE JUDGE